

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| SHANE D. WALIEZER,<br><br>    Plaintiff,<br>vs.<br>JEFF LARSON, in his individual and official capacity,<br><br>    Defendant. | 1:21-CV-01021-CBK<br><br><br><br>ORDER |

  Plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983. Plaintiff alleges that defendant, while defendant was acting as his attorney in a state court matter, provided plaintiff ineffective assistance of counsel in allowing plaintiff to enter into a stipulation to settle his then-pending state court habeas proceeding. Plaintiff seeks damages in the amount of $1.25 million because defendant's claimed negligence deprived plaintiff of the right to pursue claims in his state court criminal and habeas proceedings. He has filed an application to proceed without the prepayment of fees.

  28 U.S.C. § 1915(a)(1) authorizes district courts to allow civil litigants to commence suit without the prepayment of the filing fee. However, other than in criminal cases, "[a]n *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). The district courts are required to screen plaintiff's claims to determine whether the action

    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

  In an effort to curb the flood of non-meritorious claims filed by prisoners, Congress passed the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, to "filter out the bad claims and facilitate consideration of the good." Jones v. Bock, 549

U.S. 199, 203-04, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007). The PLRA introduced a three-strikes rule which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "In other words, for most three strikers, all future filing fees become payable in full upfront." Bruce v. Samuels, 577 U.S. 82, 86, 136 S.Ct. 627, 630, 193 L.Ed.2d 496 (2016).

Plaintiff is subject to the three-strikes rule because, on at least three occasions, he filed a civil proceeding which was dismissed as frivolous, malicious, or for failure to state a claim upon which relief could be granted. Waliezer v. Doe, et al., 1:21-CV-01020-CBK (D.S.D. October 6, 2021). Plaintiff has not alleged that he is under imminent danger of serious physical injury.

Now, therefore,

IT IS ORDERED:

1. Plaintiff's applications, Docs. 3 and 16, to proceed without the prepayment of the filing fee are denied.

2. Plaintiff shall pay the $402 filing fee on or before 30 days from the date of this order. Failure to do so will result in dismissal of the complaint.

DATED this 6th day of October, 2021.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge

2