UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



FILED

NOV 17 2021

---

SHANE D. WALIEZER,

                Plaintiff,

vs.

JEFF LARSON, in his individual and official capacity,

                Defendant.

1:21-CV-01021-CBK

ORDER OF DISMISSAL

---

Plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983. Plaintiff alleged that defendant provided plaintiff ineffective assistance of counsel during plaintiff's then-pending state court habeas proceeding. Plaintiff sought damages in the amount of $1.25 million.

The Prison Litigation Reform Act requires the Court to screen prisoner complaints prior to service of process being issued and to dismiss any complaint that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). I am required to give the plaintiff's pro se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petrav, 795 F.3d 111, 787 (8th Cir. 2015).

I have conducted an initial review as required by § 1915A. Plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because plaintiff has failed to state a claim upon which relief can be granted.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988). The United States Supreme Court has held that "a public defender does not act under color of state law

when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 324, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981).  Further, the United States Court of Appeals for the Eighth Circuit has held that the conduct of private attorneys "generally does not constitute action under color of law." DuBose v. Kelly, 187 F.3d 999, 1003 (8th Cir. 1999).

The defendant was plaintiff's attorney in plaintiff's state court habeas case. Plaintiff's claim is that defendant provided ineffective assistance of counsel in conjunction with that state court habeas case.  Plaintiff has failed to allege any facts showing that the defendant was acting under color of state law.  The proper avenue to bring a Sixth Amendment claim that counsel was ineffective is a petition for a writ of habeas corpus.

Now, therefore,

IT IS ORDERED that this matter is dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

DATED this __17th__ day of November, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

2